IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JERRY RAUL CONDENZO VELASQUEZ,**
    Petitioner,

v.                                                          Civil No. **3:26CV369 (RCY)**

**WARDEN FARMVILLE DETENTION,** *et al.*,
    Respondents.

### MEMORANDUM OPINION

Jerry Raul Condenzo Velasquez ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission.  He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 6), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE").[1]  For the reasons set forth below, the § 2241 Petition will be GRANTED.  Respondents will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

### I.  BACKGROUND

Petitioner provides very little information in his § 2241 Petition.  Petitioner indicates that he is a citizen of Peru.  ECF No. 6-1, at 1.  Petitioner entered the United States on May 7, 2022 and was granted parole.  *Id.*  Petitioner was taken into ICE custody on or about March 22, 2026. *Id.*

On April 29, 2026, Petitioner filed his original § 2241 Petition in this Court.  ECF No. 1. By Memorandum Order entered on May 7, 2026, the Court directed Petitioner to file his petition on the standard form.  ECF No. 5.  On May 13, 2026, Petitioner filed his § 2241 Petition on the standard form.  ECF No. 6.  It appeared to the Court that the factual circumstances and legal issues

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 4. Accordingly, the Court issued a Memorandum Order directing Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. ECF No. 8, at 1. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* Respondents timely submitted a Notice in response to the Court's Memorandum Order. ECF No. 9. Consistent with the Court's Memorandum Order, Respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* at 1.[2]

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner

---

[2] The Court observes that *Ortega Miranda* did not involve an alien who had been paroled but rather an alien who entered the country without inspection and who had been living here since that time. In light of the Government's request that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action," Not. 1, the Court concludes that the Government does not perceive this factual distinction to give rise to a material difference in the arguments and outcome at bar. The Court further observes that the analytical outcome remains the same, whether the Court proceeds under the *Ortega Miranda* framework or along the path it trod in *Meijas Martinez v. Lyons*, 2026 WL 1257330 (E.D. Va. May 7, 2026), which involved another individual who had been released on parole after presenting himself at the border, yet who overstayed such parole and was thereafter detained by ICE and held without bond. In that case, this Court found that the petitioner's presence in the country after the expiration of his parole "'entitle[d] him to the same constitutional rights as other noncitizens first discovered years after their entry' and thus entitle[d] him to a bond hearing under § 1226(a)." *Meijas Martinez*, 2026 WL 1257330, at *3, *5 (quoting *Carlos v. Crawford*, No. 2:26-cv-12-MSD, 2026 WL 1165576, at *4 (E.D. Va. Apr. 29, 2026)).

is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III.   ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. In opposition, Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega-Miranda*, ECF No. 19. ECF No. 9. Here, as in *Ortega-Miranda*, Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See Ortega-Miranda*, ECF No. 14, at 5–22.

This Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), into this Memorandum Order. That same reasoning has been applied in several cases before courts in this district.[3]

Petitioner has been present in the United States for a couple of years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a

---

[3] *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025).

danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026). However, a Second Circuit panel has recently concluded, in line with this Court's reasoning, that § 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry. *Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). From among these decisions, the Court finds the Second Circuit analysis and the dissents from the Fifth and Eighth Circuits to be the more persuasive of the set. Regardless, none of this precedent is binding on this Court, and so, in the absence of guidance from the Supreme Court or the Fourth Circuit Court of Appeals, the Court comfortably adopts and applies its analysis from *Ortega Miranda* to the facts of the present case. And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

## IV.    CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition will be GRANTED. An appropriate Order will issue.

_____ /s/
Roderick C. Young
United States District Judge

Date:   June 24, 2026
Richmond, Virginia

4